IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN SAMUELSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-1126-O |
| | § | |
| RUSS AUTHIER, Sheriff, | § | |
| Parker County, Texas, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Michael Dean Samuelson, a prisoner in the Parker County jail, against the person responsible for his custody, Sheriff Russ Authier, Respondent. Pet. 1-17, ECF No. 1. The Respondent has filed a motion to dismiss with separate appendix. Mot. Dismiss 1-8, ECF No. 8; App. 1-5, ECF Nos. 9 and 10. Although more than sufficient time for a response has passed, petitioner Samuelson has not filed any response to the motion to dismiss. After having considered the pleadings and relief sought by Samuelson, the Court concludes that the motion to dismiss should be granted, and the § 2241 petition **DISMISSED**, for the reasons set out below.

**I.   BACKGROUND**

In the § 2241 petition in this case, Samuelson complains that he is being illegally restrained in the Parker County Jail ("PCJ") because of a parole violation hold that was placed on him by the Texas Board of Pardons and Paroles. Pet, 4-5, 7, 13, ECF No. 1. The relief sought in this case is an order from the Court directing the Texas Board of Pardons and Paroles to release

1

Samuelson's violation of parole hold. *Id.*

## II.     RELIEF GRANTED

The Respondent has moved to dismiss the case as moot. Mot. Dismiss with Bief, ECF No. 8. According to that motion, Samuelson, after being released on parole in December 2022, was arrested in June and July 2023 on several new charges out of Parker County, Palo Pinto County, and Tarrant County. *Id.* at 6-7, ECF No. 8. The motion also informs that as of August 8, 2023, Samuelson was served with a Violation of Parole Warrant while in PCJ. *Id.* at 7. That Parole Warrant Hold, however, was then released by the Texas Board of Pardons and Paroles on November 8, 2023. *Id.* at 7; Sealed App. 5 ("Release Current Parole Division Hold . . . Warrant is no longer in effect"), ECF No. 10. The Respondent informs that Samuelson has bail set on all of the new charge for which he is in custody of the PCJ and that all other holds have been released. *Id.* at 7. As a result, there is no impediment to Samuelson's release from PCJ custody should he post bonds. *Id.*

## III.    ACTION IS MOOT

Thus, the only relief sought in this § 2241 petition, an order directing the Texas Board of Pardons and Paroles to release their parole violation hold on Samuelson has been granted. An action is rendered moot when it is impossible for the Court to grant any effectual relief to the prevailing party. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021). "A moot case presents no Article III controversy, and the Court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (internal citation omitted)).  Mootness can occur in two ways: (1) when the issues presented are no longer live; and (2) when the parties lack a legally cognizable interest in the outcome. *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 695, 701 (E.D. Tex.

2000) (citation omitted).

Samuelson's claim in this § 2241 petition is now moot and must be dismissed. The issue presented is no longer live and he no longer has a legally cognizable interest in the outcome of this case. The parole violation hold on Samuelson has been removed, such that any claim he had under § 2241 is no longer cognizable.

## IV.  CONCLUSION

For the reasons discussed, it is therefore **ORDERED** that the motion to dismiss (ECF No. 8) is **GRANTED**, such that petitioner Michael Dean Samuelson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** as moot.

**SO ORDERED** on this **28th** day of **February, 2024.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**